# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LIN WANG and JUN HUANG,

        Plaintiffs,

    v.

ALLSTATE INDEMNITY
COMPANY,

        Defendant.

No. 4:24-CV-01619

(Chief Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 17, 2024

## I.  BACKGROUND

### A.  Procedural History

In August 2024 Plaintiffs filed a complaint in state court, which was subsequently removed to this Court, alleging that Allstate Indemnity Company ("Allstate") breached an insurance contract (Count One) and did so in bad faith (Count Two) when it denied Plaintiffs' insurance claim.[1] Presently before the Court is Allstate's motion to dismiss Count Two of the complaint.[2] Plaintiffs filed a brief in opposition and, although Allstate has not filed a reply brief, the time to so do has lapsed, rendering this matter is ripe for disposition.[3] For the following reasons, the Court will deny Allstate's motion.

---

[1]  Doc. 1.
[2]  Doc. 7.
[3]  Doc. 8.

### B.    Facts[4]

Plaintiffs carried a landlord insurance policy (the "Policy") for their real property located in State College, Pennsylvania; the Policy was provided by Allstate and was in effect at all times relevant to this litigation.[5] The Policy "insured against sudden and accidental direct physical loss to the insured premises" with certain exceptions.[6] Among those exceptions is one that provides Allstate will not cover damage "if the policyholder does not use reasonable care to maintain heat at the property."[7]

In January 2024, Plaintiffs' property suffered water damage and Plaintiffs filed a claim with Allstate for losses associated with the damage.[8] Prior to submitting this claim, Plaintiffs "substantially performed all conditions required by the Policy,"[9] including setting the furnace to 55 degrees in the property.[10] Three days after the claim was submitted, Allstate denied it and refused to cover the damages.[11] The initial denial letter provided no basis for the denial of coverage but, during a

---

[4]    As discussed below, for purposes of this motion, the Court accepts as true all allegations contained in the amended complaint. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020) (in evaluating motion to dismiss court "must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief" (internal quotation marks omitted)).

[5]    Doc. 1-1 ¶¶ 2, 4.

[6]    *Id.* ¶ 6.

[7]    *Id.* ¶ 33.

[8]    *Id.* ¶¶ 7-8.

[9]    *Id.* ¶ 10.

[10]    *Id.* ¶ 30.

[11]    *Id.* ¶¶ 11, 26.

telephone call, a claims adjuster for Allstate informed Plaintiffs that the claim was denied because the property was vacant.[12] After Plaintiffs challenged the denial of coverage, Allstate issued a second denial letter stating that the claim had been denied because "'heat was not maintained' at the dwelling"[13] despite the fact that coverage may only be denied if a "policyholder does not use reasonable care to maintain heat at the property," not simply because heat was not maintained.[14]

## II.    LAW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[15] and *Ashcroft v. Iqbal*,[16] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption

---

12  *Id.* ¶¶ 27-28.
13  *Id.* ¶ 31.
14  *Id.* ¶ 33; *see id.* ¶ 32.
15  550 U.S. 544 (2007).
16  556 U.S. 662 (2009).
17  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[18]

## III.   ANALYSIS

Defendant contends that Plaintiffs' complaint provides no more than conclusory assertions to support Count Two, and that count must therefore be dismissed.[19] Plaintiffs in contrast argue that the complaint provides sufficient facts to establish, at the motion to dismiss stage, that Allstate acted in bad faith in denying Plaintiffs' insurance claim.[20]

To state a claim for the bad faith denial of an insurance claim under Pennsylvania law, a plaintiff must adequately allege "two elements: (1) that the insurer had no reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim."[21] "Proof of the insurer's subjective motive of self-interest or ill-will, while perhaps probative of the second prong of the above test, is not a necessary prerequisite to succeeding in a bad faith claim."[22]

Here, the complaint alleges the following facts relevant to Plaintiffs' bad faith claim. First, Plaintiffs carried an Allstate policy at the time that they suffered

---

[18] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

[19] Doc. 7.

[20] Doc. 8.

[21] *Berg v. Nationwide Mut. Ins. Co., Inc.*, 235 A.3d 1223, 1232 (Pa. 2020) (internal quotation marks omitted).

[22] *Id.* (brackets and internal quotation marks omitted).

property damage, and that damage was covered by the Policy.[23] Second, the policy provided only that the Plaintiffs must "use reasonable care to maintain heat at the property"[24] but, despite this provision, Allstate denied the claim only three days after it was submitted because heat was not maintained at the dwelling—this reason is contrary to the contractual terms of the insurance policy.[25] Third, prior to denying coverage, Allstate failed to conduct an investigation into how Plaintiffs' maintained heat at the property.[26]

These allegations provide two independent and equally sufficient bases upon which Plaintiffs' bad faith claim may proceed. First, the official reason provided for the denial of Plaintiffs' claim—that heat had not been maintained in the property— is not consonant with the terms of the insurance policy itself. The Policy provides that coverage may be denied if the insured fails to take reasonable care to maintain heat at the premises, but does not provide that it may be denied simply because heat was not maintained, regardless of the efforts taken to maintain such heat.[27] "[D]enying coverage based upon a position that is . . . contrary to the language of the policy" may constitute bad faith,[28] meaning this alone supports Plaintiffs' claim.

---

23  Doc. 1-1 ¶¶ 2, 4, 6-8.

24  *Id.* ¶ 33.

25  *Id.* ¶¶ 27, 32-33.

26  *Id.* ¶ 29.

27  *Id.* ¶¶ 31-33.

28  *Mega Const. Corp. v. Quincy Mut. Fire Ins. Co.*, 42 F. Supp. 3d 645, 662 (E.D. Pa. 2012).

Second, Plaintiffs allege that Allstate denied the claim within three days and without inquiring into what efforts were made to maintain heat at the premises—an inquiry that would have been necessary to deny coverage based on the absence of heat at the premises. It is well established that "[a]n insurer may also be found liable for bad faith conduct if the insurer has violated the Unfair Insurance Practices Act by failing to properly investigate the claim."[29] Allstate's lack of a reasonable investigation into the facts necessary to support its denial of Plaintiffs' insurance claim therefore also supports a claim of bad faith.[30]

The Court concludes that Plaintiffs' have adequately stated a claim for the bad faith denial of their insurance claim under Pennsylvania state law. These allegations demonstrate both that Allstate had no reasonable basis for denying Plaintiffs' insurance claim, and that it knew or recklessly disregarded the lack of reasonable basis to deny that claim. Accordingly, Allstate's motion to dismiss will be denied.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss Plaintiffs' complaint is denied.

---

[29] *Gavasto v. 21st Century Indem. Ins. Co.*, No. 1625 WDA 2019, 2021 WL 754026, at *5 (Pa. Super. Ct. Feb. 26, 2021) (citing *O'Donnell ex. rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. 1999)).

[30] *See Pereira v. State Farm Fire & Cas. Co.*, No. 3:24-CV-01097, 2024 WL 3879377, at *5 (M.D. Pa. Aug. 20, 2024) (allegations that insurance company "failed to pay their claim in full, investigate their claims properly, and respond to requests for an appraisal and other documentation" supported a bad faith claim (collecting cases)).

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge